UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kelvin Groves, ) | C/A No. 5:13-1367-TMC-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| Kenny Atkinson, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This is case filed by a federal prisoner proceeding pro se. It is before the undersigned magistrate judge for consideration of ECF No. 10, Petitioner's Motion requesting the court to re-characterize his Petition, which was submitted under 28 U.S.C. § 2241, as an initial Motion pursuant to 28 U.S.C. § 2255 to be filed in Petitioner's criminal case in this court: *United States v. Groves*, Crim. No. 8:11-2356-JMC-5 ("Petitioner's Criminal Case").

## **BACKGROUND**

On or about May 21, 2013, Petitioner filed this habeas action pursuant to 28 U.S.C. § 2241. In his Petition, he asks this court to vacate his federal conviction and sentence for one count of conspiracy to distribute cocaine that was entered on a guilty plea in Petitioner's Criminal Case, Crim. No. 8:11-2356-JMC-5. Petitioner's sentence was entered on February 22, 2013. As indicated from a review of the docket in Petitioner's Criminal Case, Petitioner has filed neither a direct appeal nor a habeas petition pursuant to 28 U.S.C. § 2255 in his criminal case. Under his plea agreement, Petitioner waived all post-conviction appeals and petitions for any reason except prosecutorial misconduct or ineffectiveness of counsel. *See* ECF No. 517 in Crim. No. 8:11-2356-JMC-5.

In the § 2241 Petition submitted in this civil case, Petitioner alleges that his sentence is illegal because it includes a two-point enhancement for possession of a firearm in connection with

the crime, despite his contention that he did not carry a firearm. As a result of the allegedly illegal sentence, Petitioner contends that he is incarcerated in violation of the United States Constitution. Following the court's issuance of an initial proper-form order in this case seeking payment of the filing fee or submission of an *in forma pauperis* motion, ECF No. 7, Petitioner submitted a document that has been liberally construed as a Motion to Recharacterize, asking this court not to consider his pleading as a § 2241 petition, but to liberally construe it as a § 2255 Motion alleging prosecutorial misconduct. ECF No. 10.

## DISCUSSION

Many federal prisoners, such as the Petitioner here, erroneously attempt to overturn federal convictions and sentences by filing a § 2241 action. *See, e.g., San-Miguel v. Dove*, 291 F.3d 257, 259-61 (4th Cir. 2002) (upholding summary dismissal of § 2241 action filed in the District of South Carolina that challenged convictions and sentences entered in the United States District Court for the District of Puerto Rico). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence [only] if he or she can satisfy the mandates of the so-called § 2255 'savings clause' . . . ." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *see also Ennis v. Olsen*, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000). Otherwise, "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). The savings clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it

>appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. Because Petitioner has not yet filed a motion to vacate under § 2255, he cannot demonstrate that its relief would be "inadequate or ineffective."[1] Indeed, courts appear to require a prisoner in federal custody to first proceed with a § 2255 motion before attempting to satisfy the "savings clause," which would allow a § 2241 petition to be filed at a later date. *See Hernandez v. Drew*, 371 F. App'x 991, 993 (11th Cir. 2010) (noting that a prisoner may not circumvent the requirements for filing a § 2255 motion merely by filing a § 2241 petition); *see also Bearden v. Atkins*, C/A No. 1:12-3093, 2013 WL 7566302 (D.S.C. Feb. 27, 2013); *Ross v. Mitchell*, C/A No. 6:10-1891, 2010 WL 3522359, at *2 (D.S.C. Aug. 11, 2010), *adopted by* 2010 WL 3522357 (D.S.C. Sept. 3, 2010).

However, rather than dismiss this case as one containing an improper § 2241 Petition, the undersigned finds it to be in the interest of justice to re-characterize this § 2241 habeas Petition as a Motion to Vacate, Set Aside, or Correct Petitioner's sentence pursuant to 28 U.S.C. § 2255. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and re-characterize the motion in order to place it within a different legal category . . . to avoid an unnecessary dismissal . . . ."). Because the one-year

---

[1] That a § 2255 action may be unsuccessful, untimely, or successive does not render it an inadequate or ineffective remedy. *In Re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

3

statute of limitations in 28 U.S.C. § 2255(f) may become an issue in this case, it is appropriate to re-characterize the Petition rather than dismiss it without prejudice because of the proximity of the running of the one-year time clock.[2] If the court accepts this recommendation and re-characterizes the Petition in this case as a § 2255 Motion, the court should then order that the Motion be filed in Petitioner's criminal case. *See* 28 U.S.C. § 2255(a).

Finally, Petitioner is specifically informed that if this case is re-characterized as a § 2255 action, any subsequent § 2255 motion will be subject to the restrictions on successive or second § 2255 motions set forth in 28 U.S.C. § 2255(h).[3] Accordingly, it is recommended that if the court re-characterizes the instant Petition as a § 2255 Motion, even though the action is in keeping with Petitioner's own request, out of an abundance of caution, the court should provide the proper notice and give Petitioner an opportunity to express his consent to the conversion, or to withdraw or amend his Petition, as required by *Castro v. United States*, 540 U.S. at 383 (requiring district court to provide notice when it re-characterizes a *pro se* litigant's motion as a first § 2255 motion); *see also*

---

[2] The undersigned makes no finding concerning the specific date of the one-year period of limitations applicable in Petitioner's criminal case, after which a § 2255 petition may be time-barred.

[3] A second or successive motion must be certified as provided in section 2255 by a panel of the appropriate court of appeals to contain -

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

*Shaw v. United States*, 417 F. App'x 311 (4th Cir. 2011); *United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008).

## **RECOMMENDATION**

Based on the foregoing, it is recommended that, after providing Petitioner with the proper notice and opportunity to respond as required by *United States v. Castro*, 540 U.S. 375 (2003), the court re-characterize this § 2241 Petition as a § 2255 Motion, and that the Motion be filed in Petitioner's criminal case, *United States v. Groves*, Crim. No. 8:11-2356-JMC-5 (D.S.C.), for all further proceedings.

IT IS SO RECOMMENDED.

July 1, 2013  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).