IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Kelvin Groves, ) | |
| ) | C/A No. 5:13-1367-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Kenny Atkinson, Warden, ) | |
| ) | |
| Respondent. ) | |

Petitioner, a federal prisoner proceeding *pro se*, filed this habeas petition pursuant to 28 U.S.C. § 2241, challenging a federal sentence imposed by the United States District Court for the District of South Carolina. The Petitioner also filed a Motion requesting the court to re-characterize his petition as a § 2255 petition. (ECF No. 10). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge Kaymani D. West, filed July 1, 2013, recommending that the court re-characterize the § 2241 Petition as a § 2255 Motion, and that the Motion be filed in Petitioner's criminal case, *United States v. Groves*, Criminal No. 8:11-2356-JMC-5 (D.S.C.) for all further proceedings.

The Magistrate Judge provided Petitioner a notice advising him of his right to file objections to the Report. (ECF No. 16 at 6.) However, Petitioner filed no objections to the Report and Recommendation.[1]

In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Although Petitioner filed the current petition pursuant to § 2241, he is attacking the legality, rather than the execution, of his sentence. Petitioner must challenge the legality of his sentence under 28 U.S.C. § 2255 unless "the remedy by motion [under section 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *In re Vial,* 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). As Petitioner has not demonstrated that § 2255 is an "inadequate or ineffective" remedy, he may not proceed on his claim under § 2241. *See* 28 U.S.C. § 2255(h)(1); *United States v. Poole,* 531 F.3d 263, 267 & n. 7 (4th Cir. 2008) ("[T]he savings clause only preserves claims in which a petitioner claims actual innocence of his conviction, not just

---

[1] The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Matthews v. Webber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

'innocence' of a sentencing factor.").

Further, because Petitioner has not previously filed a § 2255 motion, the court may convert the instant petition into a § 2255 motion. *See Castro v. United States,* 540 U.S. 375, 377 (2003). However, a court cannot recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion unless the court "informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent [section] 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Id.*

The court has determined that the instant petition should be converted to a § 2255 motion. Accordingly, Petitioner has until August 6, 2013, to express his consent to the conversion or to withdraw or amend his petition. *See Castro,* 530 U.S. at 383. The court also informs Petitioner that second or successive motions under § 2255 generally are prohibited, and would have to be certified by a panel of the appropriate court of appeals under limited circumstances. *See* 28 U.S.C. § 2255(h). Certification for second or successive motions to vacate rarely is granted.

The court further informs the Petitioner that the Antiterrorism and Effective Death Penalty Act of 1996 provides that § 2255 motions have a one-year limitation period, but expresses no opinion as to whether that a § 2255 motion would be dismissed as time-barred in this instance. 28 U.S.C. § 2255(f).

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation (ECF No. 16) and incorporates it herein.  Accordingly, the court hereby notifies Petitioner of its intent to re-characterize the petition as a § 2255 motion.  Petitioner is directed to file a

response to this Order by August 6, 2013, indicating whether he consents to having this

§ 2241 petition converted to a § 2255 motion.

**IT IS SO ORDERED.**

                                              s/Timothy M. Cain
                                              United States District Judge

Anderson, South Carolina
July 23, 2013


**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4